# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SEAN FUERSTENBERG,

                Plaintiff,

   v.                                                 Case No. 18-CV-1361

MILWAUKEE AREA TECHNICAL COLLEGE,

                Defendant.

# DECISION AND ORDER

## INTRODUCTION

Plaintiff Sean Fuerstenberg filed this action against defendant Milwaukee Area Technical College (MATC), alleging retaliation in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) MATC moves for dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (ECF No. 7.) All parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 2, 4.) MATC's motion is ready for resolution.

## FACTS

The following facts are taken from Fuerstenberg's complaint.

In January 2014 Fuerstenberg began working as a part-time faculty member at MATC. (ECF No. 1 at 7.)

In March 2018 Fuerstenberg filed a Title IX complaint with MATC opposing religious discrimination. (ECF No. 1 at 7.) Patricia McFarland, another MATC faculty member, emailed details of Fuerstenberg's religious discrimination complaint to other staff members and individuals outside of MATC. (*Id.*) Fuerstenberg then filed a retaliation complaint with the Equal Employment Opportunity Commission (EEOC). (*Id.*) He received a right-to-sue letter from the EEOC on June 5, 2018. (ECF No. 1-1.)

In August 2018 Fuerstenberg was required to attend a meeting with MATC officials Daniel McCoglan and Mohammad Dakwar. (ECF No. 1 at 7.) The meeting was to discuss the following accusations:

> 1) whether Sean should be allowed or is able to continue teaching at MATC based on his statements that he does not feel safe on campus because MATC's policy with regard to the possible presence of undocumented persons does not include inviting I.C.E. onto campus to presumably check students immigration/citizenship status; 2) Sean's apparent making of false allegations of criminal activity by MATC administrators and the MATC Board of Directors; and 3) Sean's continued use of the MATC email system to make inappropriate, disrespectful and unprofessional remarks after being directed not to do so.

(*Id.*) Fuerstenberg was suspended with pay from MATC following the meeting. (*Id.*)

Fuerstenberg alleges that the allegations made against him were "only created to punish and retaliate against [him] for making a religious discrimination complaint with MATC and a retaliation complaint with the EEOC." (ECF No. 1 at 7-11.) As such, he alleges that his suspension from MATC is "further retaliation against [him] by MATC for

2

the Religion Discrimination complaint [he] had filed with MATC and the Retaliation complaint [he] filed with the EEOC against MATC." (*Id.* at 11-12.)

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiff[]." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

## ANALYSIS

MATC argues that Fuerstenberg's complaint should be dismissed for two reasons: (1) "he has failed to exhaust his administrative remedies," and (2) "[he] has not come close to pleading a plausible claim for relief under the *Twombly-Iqbal* standard." (ECF No. 8 at 1.)

## I. Failure to Exhaust Administrative Remedies

In moving to dismiss, MATC argues that Fuerstenberg has failed to exhaust his administrative remedies because "[t]here is absolutely no connection between the allegations in [Fuerstenberg's] EEOC charge and his Complaint." (ECF No. 8 at 6.)

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [his] EEOC charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). "The purpose of this requirement is twofold: to promote resolution of the dispute by settlement or conciliation and to ensure that the sued employers receive adequate notice of the charges against them." *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). "An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Rush v. McDonald's Corp.*, 996 F.2d 1104, 1110 (7th Cir. 1992).

However, "because most EEOC charges are completed by laypersons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in [his] complaint." *Cheek*, 31 F.3d at 500 (citing *Taylor v. W. & S. Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992). As such, a Title VII plaintiff may also pursue claims that are "'like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations.'" *Cheek*, 31 F.3d at 500 (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)). The issue is

whether "there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.* at 501.

The Court of Appeals for the Seventh Circuit has held that an alleged incident of retaliation that occurred *after* a plaintiff has already filed an EEOC charge can serve as the basis for a Title VII claim. *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 481-83 (7th Cir. 1996); *see Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1030 (7th Cir. 2013) ("We have held for practical reasons, to avoid futile procedural technicalities and endless loops of charge/retaliation/charge/retaliation, etc., that a plaintiff who alleges retaliation for having filed a charge with the EEOC need not file a second EEOC charge to sue for that retaliation.").

Fuerstenberg alleges in his complaint that his "suspension from MATC is further retaliation against [him] by MATC for the Religion Discrimination complaint [he] had filed with MATC and the Retaliation complaint that [he] filed with the EEOC against MATC." (ECF No. 1 at 11-12; *see also* ECF No. 13 at 20 ("This retaliation occurred only 1) because of the fact that I filed a Title IX Religion Discrimination complaint with MATC and 2) because of the fact I filed the Retaliation complaint with the Wisconsin EEOC.").)

Accepting the allegations in the complaint as true (as the court must when deciding a motion to dismiss), Fuerstenberg's Title VII complaint appears to allege that MATC retaliated against him *after* he had already filed an EEOC charge. As stated in

5

*McKenzie*, such an allegation can properly serve as the basis for a Title VII claim. As such, the court cannot conclude that Fuerstenberg has failed to exhaust his administrative remedies.

II.     **Failure to State a Claim**

MATC also argues that Fuerstenberg has failed "to assert any facts to support his claim that he was retaliated against as a result of either bringing a Title IX complaint or filing an EEOC retaliation charge against MATC." (ECF No. 8 at 7.)

"To plead a retaliation claim under Title VII, a plaintiff must allege that [he] engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity, though [he] need not use those terms, of course." *Luevano*, 722 F.3d at 1029. "In the retaliation context, 'adverse employment action' simply means an employer's action that would dissuade a reasonable worker from participating in protected activity." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015) (citing *Chaib v. Indiana*, 744 F.3d 974, 986-87 (7th Cir. 2014)).

Fuerstenberg alleges in his complaint that he engaged in a statutorily protected activity by filing a charge with the EEOC. (ECF No. 1 at 7; *see Hatcher v. Bd. of Trs. of S. Ill. Univ.*, 829 F.3d 531, 536 (7th Cir. 2016) ("Title VII specifically prohibits retaliation for filing a charge with the EEOC.").) He also alleges that he was subjected to adverse employment action when he was suspended with pay from MATC, which included him

6

being banned from MATC property, having to turn in his keys, having his MATC email account disabled, and having to unenroll from classes. (ECF No. 1 at 7.) He is required to plead no more. As such, Fuerstenberg has sufficiently pled a claim for retaliation.

**IT IS THEREFORE ORDERED** that Milwaukee Area Technical College's motion to dismiss (ECF No. 7) is **denied**.

Dated at Milwaukee, Wisconsin this 19th day of December, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge