# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SEAN FUERSTENBERG,

                 Plaintiff,

      v.                                      Case No. 18-CV-1361

MILWAUKEE AREA TECHNICAL COLLEGE,

                 Defendant.

## DECISION AND ORDER

### INTRODUCTION

Now before the court is Plaintiff Sean Fuerstenberg's "Motion for Entry of Default Judgment." (ECF No. 25.) Fuerstenberg alleges that defendant Milwaukee Area Technical College (MATC) failed to file a timely answer to his amended complaint. (ECF No. 26.) All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 2, 4), and Fuerstenberg's motion is ready for resolution.

### PROCEDURAL HISTORY

On September 4, 2018, Fuerstenberg filed this action against MATC, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) On November 5, 2018, Fuerstenberg filed a "Motion for Entry of Default" (ECF No. 9), alleging that MATC's answer to his original complaint was due on November 4, 2018. (ECF No. 10.) The court denied Fuerstenberg's motion, holding that MATC "was not

required to answer or otherwise respond to [his] complaint until November 5, 2018." (ECF No. 11 at 2.)

MATC timely responded to Fuerstenberg's complaint by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7.) The court denied MATC's motion on December 19, 2018. (ECF No. 17.)

On January 10, 2019, the parties met and conferred for the required Rule 26(f) Conference. (ECF No. 26, ¶ 3; ECF No. 28 at 1.) Fuerstenberg advised MATC that he "was anticipating filing an amended complaint." (ECF No. 26, ¶ 3.) The parties filed a Joint Rule 26(f) Report on January 14, 2019, which provides in part: "Defendant MATC will file its answer to any Amended Complaint filed by Sean Fuerstenberg on or before *February 21, 2019.*" (ECF No. 19, ¶ 3.) (Emphasis added.)

The parties appeared before the court on January 17, 2019, for a Rule 16 Scheduling Conference. (ECF No. 21.) The court allowed MATC to forgo answering the original complaint in light of Fuerstenberg's intention to file an Amended Complaint. (ECF No. 21.) The court set a deadline of January 31, 2019, for the parties to amend their pleadings and stated, "If there's an amended complaint, then MATC will respond to that in due course." (*Id.*)

## ANALYSIS

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).

Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). The clerk's office has not entered default, and default is inappropriate. Fuerstenberg agreed to allow MATC to file its answer to the amended complaint by February 21, 2019. (ECF No. 19, ¶ 3.) MATC filed its answer on February 20, 2019. (ECF No. 27.) Although the court did not explicitly include in the scheduling order a deadline for MATC to answer the amended complaint, the court stated at the scheduling conference that "the schedule that [the parties] have proposed is fine with me." (ECF No. 21.)

Even if MATC's answer was untimely, "the court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). MATC has a meritorious defense, did not willfully ignore the pending litigation, and quickly responded to Fuerstenberg's motion for default judgment. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). In addition, Fuerstenberg has not suffered any prejudice. As such, even if MATC's answer was untimely, the court finds good cause to set aside an entry of default.

**IT IS THEREFORE ORDERED** that Fuerstenberg's motion for default judgment (ECF No. 25) is **denied**.

Dated at Milwaukee, Wisconsin this 21st day of February, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge