# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SEAN FUERSTENBERG,

          Plaintiff,

v.                                           Case No. 18-CV-1361

MILWAUKEE AREA TECHNICAL COLLEGE,

          Defendant.

# DECISION AND ORDER

## INTRODUCTION

Now before the court are Plaintiff Sean Fuerstenberg's "Motion for More Definite Statement of a Pleading" (ECF No. 32) and "Motion to Strike Affirmative Defense" (ECF No. 34). All parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 2, 4.) Fuerstenberg's motions are ready for resolution.

## MOTION FOR A MORE DEFINITE STATEMENT

Fuerstenberg moves this court to order defendant Milwaukee Area Technical College (MATC) "to make a more definite statement of pleading for MATC's answers to both paragraphs 145 & 146 of [Fuerstenberg's] amended complaint." (ECF No. 33 at 2.) Paragraphs 145 and 146 of MATC's answer state:

145. In my termination letter (**Exhibit 4**) I was advised that my status as a student is under review and that I am reminded that I am not allowed on campus. It should be noted that at my "fact finding" hearing on August 31, 2018 I was advised that I was not allowed to be a student at MATC during my suspension. It should be noted that at that time I was enrolled in online classes at MATC which required no on campus time. In addition to have having [sic] no reason whatsoever to suspend me as a faculty member at MATC other than for Retaliation, there is absolutely no reason whatsoever to have suspended me as a student from MATC other than for Retaliation. It should also be noted that in my termination letter, Dakwar states that I will be receiving communication from the College's Student Services Division in the near future regarding my status as a student.

**ANSWER:** MATC admits that it reviewed Plaintiff's status as a student at MATC. MATC denies that is [sic] was retaliatory. MATC denies the remaining allegations of paragraph 145.

146. As of the filing date of this amended complaint, I have received no communication whatsoever from anyone at MATC regarding my status as a student. MATC's motivation in suspending me as a student from MATC when there was no reason whatsoever to incorporate my status as an MATC student into MATC's allegations against me was for Retaliation purposes as well as to intimidate me because I filed an internal Title IX Religion Discrimination complaint with and against MATC, because I filed a Retaliation Complaint with the EEOC against MATC, and because I filed a Federal Retaliation lawsuit against MATC.

**ANSWER:** MATC denies the allegations of paragraph 146.

(ECF No. 27, ¶¶ 145-46.) (Emphasis in original.)

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion under Rule 12(e) "is disfavored and is not a substitute for discovery." *Eastco Int'l Corp. v. Broan-Nu Tone LLC*, No. 16-C-1057, 2017 WL 1194014, at *2 (E.D. Wis. March 30, 2017)

(citation omitted). It "is proper only when the pleading to which it is addressed is so vague that it cannot be responded to." *Hernandez v. City Wide Insulation of Madison, Inc.*, No. 05C0303, 2006 WL 2690980, at *1 (E.D. Wis. Sept. 19, 2006) (internal quotations and citation omitted).

Rule 12(e) is limited to "a pleading to which a responsive pleading is allowed." Fuerstenberg has not sought, and the court has not allowed him, to reply to MATC's answer. *See* Fed. R. Civ. P. 7(a)(7) ("Only these pleadings are allowed: … (7) if the court orders one, a reply to an answer."). Even if the court had ordered him to reply, Fuerstenberg does not argue that MATC's answer is "so vague or ambiguous" that he "cannot reasonably prepare a response." Instead, he seeks information regarding his status as a student at MATC (ECF No. 33 at 2-3), which may be obtained through the discovery process. For these reasons, the court will deny Fuerstenberg's motion for a more definite statement.

## MOTION TO STRIKE AFFIRMATIVE DEFENSE

Fuerstenberg also moves this court to strike the following phrase from Affirmative Defense No. 6 of MATC's answer: "a prior request made in bad faith to have himself identified as a female African-American in his student and employment files …." (ECF No. 35 at 2.) Affirmative Defense No. 6 of MATC's answer states in full:

> [Fuerstenberg's] claims are barred in whole or in part because this lawsuit is not brought in good faith but is instead an effort to misuse the Court as a vehicle to harass MATC and is part of a broader effort of harassment motivated primarily by [Fuerstenberg's] political views and

3

> [Fuerstenberg's] perception of the political views of various MATC officers, instructors, union representatives and employees. That broader effort includes, *inter alia*, this lawsuit, the previous Title IX complaint (which was premised on the fact that the Union at MATC supported politicians who held pro-choice views), the EEOC retaliation complaint, the approximately 100 public records requests that have been submitted since February 2018, a prior request made in bad faith to have himself identified as a female African-American in his student and employment files, his emails to various state officials demanding an investigation into a bonus awarded to the MATC President (which he claims was warranted solely because he believes the MATC President is politically liberal and that the MATC board is politically liberal) and his demands that MATC invite ICE to campus to randomly check that no students present are in the Country illegally. These actions demonstrate that [Fuerstenberg] is abusing the legal and administrative processes made available to him as an MATC employee and the public in an effort to harass and intimidate MATC. Such actions warrant dismissal.

(ECF No. 27 at 49-50.)

Federal Rule of Civil Procedure 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of the rule is to prevent unnecessary expenditures of time and money litigating spurious issues." *Stine v. Homan Trucking LLC*, No. 18-cv-2202-JPG-RJD, 2019 WL 1385226, at *1 (S.D. Ill. March 27, 2019) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)). "Motions to strike are generally disfavored because they are often employed for the sole purpose of causing delay." *Id.* Nonetheless, such motions may be granted when they "remove unnecessary clutter from the case, [because] they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 833 F.2d 1286, 1294 (7th Cir. 1989).

"An affirmative defense 'limits or excuses a defendant's liability even if the plaintiff establishes a prima facie case.'" *Free Range Presents Dallas, LLC, v. Fort Investments LLC*, No. 18-cv-104-wmc, 2018 WL 6441017, at *4 (W.D. Wis. Dec. 7, 2018) (quoting *Bell v. Taylor*, 827 F.3d 699, 704-05 (7th Cir. 2016)). "'In other words, an affirmative defense is a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's … claim, even if all the allegations in the complaint are true.'" *Id.* (quoting *Bell*, 827 F.3d at 705).

MATC argues that "the allegations of Affirmative Defense No. 6 adequately plead the Wisconsin common law tort titled Abuse of Process." (ECF No. 36 at 2.) However, abuse of process is not an affirmative defense; it is a counterclaim. *See SAS Inst. Inc. v. Akim Grump Strauss Hauer & Field, LLP*, No. 5:10-CV-101-H, 2011 WL 5417124, at *4 (E.D. N.C. June 27, 2011); *see also Shield Tech. Corp. v. Paradigm Positioning, LLC*, No. 11 C 6183, 2012 WL 4120440, at * 9 (N.D. Ill. 2012) ("The defendants do not … cite any legal authority indicating that 'bad faith' is a recognized affirmative defense to the claims [plaintiff] has asserted. [Plaintiff's] motion to strike [defendants'] affirmative defenses is granted."). Since Affirmative Defense No. 6 is not a proper affirmative defense, the court will grant Fuerstenberg's motion to strike.

**IT IS THEREFORE ORDERED** that Fuerstenberg's "Motion for More Definite Statement of a Pleading" (ECF No. 32) is **denied**.

**IT IS FURTHER ORDERED** that Fuerstenberg's "Motion to Strike Affirmative Defense" (ECF No. 34) is **granted.** Affirmative Defense No. 6 of MATC's answer (ECF No. 27 at 49-50) shall be **stricken**.

Dated at Milwaukee, Wisconsin this 8th day of May, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge