# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SEAN FUERSTENBERG,

    Plaintiff,

v.                                           Case No. 18-CV-1361

MILWAUKEE AREA TECHNICAL COLLEGE,

    Defendant.

## ORDER

Before the court is what amounts to plaintiff Sean Fuerstenberg's renewed motion to seal this case. (ECF No. 70.) The court denied a prior request to seal, noting in part that Fuerstenberg did not explain why he sought to seal this case. He now asks the court to seal this case because he believes that the views he expressed may impair the safety of him and his family, and may impair his ability to obtain promotions in law enforcement, including to the position of chief of police.

Fuerstenberg's concerns are not unusual. Litigation frequently involves persons expressing controversial views. But one cost of litigation is public scrutiny. As the court noted in its prior decision denying Fuerstenberg's motion to seal, "What happens in the federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*,

439 F.3d 346, 348 (7th Cir. 2006). Many litigants would prefer that their disputes remain private, "but the tradition that litigation is open to the public is of very long standing." *Union Oil Co. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). "When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property, and the third-party effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible. *Id.* at 568 (internal citations omitted). "[R]equests to seal proceedings in order to implement the parties' preference for seclusion … have been uniformly rejected." *Id.*

Finding no basis to seal this action, Fuerstenberg's motion is **DENIED**. Moreover, the court notes that any sealing at this point would likely do little to accomplish Fuerstenberg's goal of keeping interested persons from uncovering his litigation history. Third-party vendors routinely collect federal court filings and make them available to the public. The court has no ability to restrict information through these sources.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 14th day of February, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge